*218 OPINION.
Siefiun :
The agreement between counsel purports only to submit (1) the question whether as a matter of law a share of the profits realized from a partnership engaged in the practice of law, and compensation paid for services rendered as a member of the executive committees of several banks, represent income derived from a trade or business; and (2) even if it is such income whether it can be used to reduce net losses resulting from a wholly unrelated trade or business.
The issues thus submitted obviously assume that the question, whether certain income earned in 1921 was income from a trade or business within the meaning of section 204, is a material factor in deciding whether a loss sustained in another endeavor should be offset thereby to determine the net loss under section 204. Manifestly such assumption is fallacious under the interpretation of section 204 applied in H. J. Schlesinger, 5 B. T. A. 943, in which we held the loss from a trade or business is reduced by gains derived from sources outside the trade or business. See also W. H. Haskell et al., 7 B. T. A. 697, which is to the same effect under the 1918 Act.
Under our decision in the Schlesinger case, the question whether the share of the law partnership profits and/or the compensation for serving on the committees represent income from a trade or business is immaterial as such income serves to reduce the net loss in any event. That is, it malíes no difference whether it is a factor in determining the loss from trade or business in the first instance, or is income from outside sources which serves to reduce such trade or business loss to reach net loss. Similarly, it is immaterial whether the trades or businesses, if several, must be separately considered, for even if they must be so considered, the income from each trade or business, as respects the other, would be income from sources outside the trade or business, and as such would serve to reduce such trade or business loss to reach net loss. It follows that the question, whether certain endeavors *219 amount to a trade or business, or several trades or businesses, is a moot question upon which we need express no opinion.
Since section 214 (a) (11) of the Revenue Act of 1921 limits the deductions for contributions to 15 per cent of the taxpayer’s total net income, and the contributions are for 1921, when there was not net income, it is obvious .that the amount of such contributions can not further increase the net loss to be carried forward against income of 1922. The admitted facts are sufficient to show that the respondent erroneously allowed the contribution in 1921 and that the net loss for 1922 should be reduced by that amount.
Reviewed by the Board.

Judgment will be entered under Rule 50.